**SO ORDERED.**

**SIGNED this 10 day of April, 2012.**

_____
J. Rich Leonard
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

| | |
|---|---|
| MARY ANN MEEK and ALLEN JOSEPH MEEK, | CASE NO. 10-02155-8-JRL |
| | CHAPTER 13 |
| DEBTORS. | |

## ORDER

This matter came before the court on the debtors' motion for hardship discharge. A hearing was held on April 4, 2012, in Raleigh, North Carolina.

On March 18, 2010, the debtors filed a petition for relief pursuant to chapter 13 of the Bankruptcy Code. The debtors chapter 13 plan was confirmed on February 24, 2011. Pursuant to the plan, the debtors are required to make a monthly payment of $2,358.00. At the time the debtors filed the present motion for hardship discharge, they had paid a total of $47,517.00 into the plan, which constitutes 48% of their total plan payments.

In August 2011, the male debtor, who was the sole provider for the debtors' family, secured employment in Boulder, Colorado, and soon thereafter, the debtors and their children relocated accordingly. At the hearing, the female debtor testified that the male debtor accepted the position in Boulder because it provided better job security. The male debtor also benefitted

from an increase in annual salary from approximately $86,280.00 to $90,600.00. The debtors amended schedules I and J to reflect the change in income and the family's expenses in Boulder. Without including the chapter 13 plan payment of $2,358.00, the debtors schedules reflect a combined monthly take-home income of $6,524.50 and monthly expenses totaling $7,104.00. Beyond the income listed, the debtors do not anticipate additional funds with which to support their chapter 13 plan. Based on these facts, the debtors contend that although they have not completed their chapter 13 plan payments, they are entitled to discharge pursuant to 11 U.S.C. § 1328(b), as the failure to complete the plan payments is due to circumstances representing just cause why they should not be held accountable.

> Pursuant to § 1328(b), a hardship discharge is only available if—
>
> (1) the debtor's failure to complete such payments is due to circumstances for which the debtor should not justly be held accountable;
>
> (2) the value, as of the effective date of the plan, of property actually distributed under the plan on account of each allowed unsecured claim is not less than the amount that would have been paid on such claim if the estate of the debtor had been liquidated under chapter 7 of this title on such date; and
>
> (3) modification of the plan under section 1329 of this title is not practicable.

11 U.S.C. § 1328(b). Therefore, it is for the court to determine whether the debtors' inability to continue making plan payments is due to circumstances "beyond the debtors' control." In re Tatum, No. 05-00809-8-JRL, at *3 (Bankr. E.D.N.C. Oct. 31, 2007) (citing In re Edwards, 207 B.R. 728, 731 (Bankr. N.D. Fla. 1997)). Generally, a hardship discharge will be granted under § 1328(b) "when a debtor has suffered from catastrophic circumstances that directly cause the debtor to be unable to complete plan payments." Id. (quoting In re Bandilli, 231 B.R. 836, 840 (B.A.P. 1st Cir. 1999)).

The court finds that the debtors are not experiencing circumstances that justify not holding them accountable for completion of their chapter 13 plan payments. The male debtor left his job in North Carolina to accept employment in Colorado, which offered better pay and job security. On their schedule J, the debtors have essentially substituted their mortgage payment in North Carolina with a rental payment in Colorado, but beyond that, their expenses and overall financial situation seem relatively unchanged. These are not the type of facts that justify a hardship discharge. See id. (granting hardship discharge where the "debtors' failure to complete plan payments is due to the male debtors' sudden inability to return to his job because of severe disabling injuries to his chest and shoulder").

Based on the foregoing, the debtors' motion for hardship discharge is **DENIED**.

**END OF DOCUMENT**